## CAVANAUGH v PRUDENTIAL INS. CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 21, 1937

C. R. Bierne, Cincinnati, for appellee.
Heintz & Heintz, Cincinnati, for appellant.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Common Pleas Court of Hamilton County.

The questions presented involve the construction of the terms of insurance policies upon the life of the appellee's decedent.

The company filed a suit to cancel these policies, for the reason that fraud had intervened in the inception of the contracts of insurance.

It is the contention of the plaintiff-appellee in this suit upon the policies that this action was filed after the period of contestability, provided in the policies, had expired.

The suit upon the policies and the suit to cancel were consolidated in conformity with a suggestion of this court, made in an opinion in a former consideration of these cases.

The determination of the validity of the contention as to the present right to

prosecute the action to contest and to interpose the defense of fraud, depends primarily upon the language of the application attached to the policies, which latter instruments contain a statement that "This policy together with the application, a copy of which is attached hereto, contains and constitutes the entire contract between the parties hereto, * * *." In the application so attached appears the following statement:

"I hereby declare that all the statements and answers to the above questions are complete and true, and I agree that the foregoing, together with this declaration, shall constitute the application and become a part of the contract of insurance hereby applied for, provided a copy hereof shall be attached hereto. I further agree that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and that unless the full first premium is paid by me at the time of making this application the policy shall not take effect until issued by the company and received by me, and the full first premium thereon is paid while the health and occupation of the life proposed are the same as described in his application. It is understood and agreed, however, that if at the time of signing this application first full premium is paid, the insurance shall take effect from the date of this application, in accordance with the provisions of the policy hereby applied for, provided life proposed is in sound health on the date of this application and provided this application is approved and accepted at the home office of the company, in Newark, New Jersey, under the plan, for the premium paid and the amount of insurance applied for."

There is no dispute that the full first premiums were paid upon the date of the application, and the policies therefore took effect from the date of the application, November 7, 1932.

Now the clause in the policies providing for incontestability is as follows:

"Incontestability. This policy shall be incontestable after one year from its date of issue, except for non-payment of premium, but if the age of the insured be misstated the amount or amounts payable under this policy shall be such as the premium would have purchased at the correct age."

The suit to cancel the policies was brought more than one year after the date of the applications, to-wit: on December 16, 1933.

Now is the "date of issue" the same as the date when the "insurance shall take effect?"

We see no reason why it should not be so and so hold.

The necessary facts being undisputed, the question becomes one of law, and although the jury in answer to a special interrogatory found the date of issue to be December 12, 1932, we conclude that such circumstances cannot be considered prejudicial to the appellant.

The dates of the policies are not controlling, in view of the language of the applications and policies. The dates of the policies here considered were November 19, 1932.

There can be no question that disregarding the claim of the company as to fraud, the policies were in full force and effect upon the date of the applications. The liability of the company then attached.

In the Mutual Life Ins Co of New York v Hurni Packing Co, 263 U S 167, the court's conclusions are expressed in the folowing paragraphs of the syllabus:

"1. In case of ambiguity in a life insurance policy, that construction is to be adopted which is most favorable to the insured.

"2. The word "date," as applied to a written instrument, signifies primarily the time specified therein.

"3. Where a life insurance policy declared that it should be incontestable, except for nonpayment of premiums, provided two years should have elapsed "from its date of issue." **Held,** that the date intended was the one specified in the policy, although this (by agreement of the parties) was earlier than the dates of actual execution and delivery."

Our conclusion, that the period of contestability has expired, renders consideration of the other matters assigned as errors unnecessary.

The judgment is affirmed.

HAMILTON and MATTHEWS, JJ, concur.